## THOMAS H. BRODHEAD *v.* WILLIAM BORTHWICK, TAX COMMISSIONER OF THE TERRITORY OF HAWAII.

### NOS. 2581 AND 2583.

FILED MARCH 22, 1946.                    DECIDED MARCH 27, 1946.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* This is a petition for rehearing. The

opinion in the case to which the motion refers is reported *ante* on page 314.

Grounds of the motion are as follow:

(1) That the court "omitted from consideration in its opinion * * * the proposition that the Territory of Hawaii cannot lawfully impose a tax on sales to post exchanges and ships' service stores at a higher rate with respect to such sales than with respect to sales to other retail merchants as an indirect way of doing what cannot be done directly under the Constitution of the United States";

(2) That in viewing Act 141, Session Laws of Hawaii 1935, as a classification of taxpayers by the legislature and an assessment of a different rate of taxation to each class, this court has failed to consider whether this classification is a "proper classification" not resulting in discrimination;

(3) That instead of rendering a final judgment based upon its decision, this court has acted under a misapprehension of the record in remanding the cause for a new trial, there being nothing apparent in the record to be gained by either party in a new trial.

The grounds of the motion will be considered *seriatim*.

(1) As we interpreted the brief of the taxpayer, repeated upon oral argument, he contended that no tax liability existed but that if there did the applicable rate was one quarter of one per cent and that the application by the taxing authorities of the higher rate of one and one-half per cent was inconsistent with the plain terms of the Act, unlawful and discriminatory. If under the law the imposition of the higher rate was mandatory and as thus construed was applied by the taxing authorities in assessing the tax, discrimination, if any, was the result of the Act itself and not of any unlawful action on the part of the administrative offices enforcing the Act. We

held that the taxpayer was liable to a tax under the Act and that the rate of one quarter of one per cent applicable to a "wholesaler" did not apply. We further held that under the terms of the Act the rate of one and one-half per cent applicable to "every person" did apply and that the assessment by the taxing authorities was consistent with the terms of the Act. As a result the objection of discrimination had relation only to the terms of the Act itself and not to the acts of the administrative offices enforcing the Act. If the rate applied was not discriminatory under the law, obviously the law as administered was not discriminatory. The subject of discrimination therefore was treated accordingly and fully discussed. The opinion itself is sufficient refutation of the charge.

(2) This ground seeks to reargue the subject of discrimination upon which the court was divided. The dissent adopted the thesis of the taxpayer; the majority held differently. The composite represents the considered effort of both parties and reargument would serve no useful purpose. A dissent does not rate a rehearing.

(3) Although the better practice seems to be to move to amend the remand, this ground will nevertheless be considered.

The within action is one at law.[1] It was tried jury waived. And is subject to all the provisions of law applicable to actions at law, jury waived, including the requirement that "the court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor."[2] The powers of this court upon error to review a judgment in an action at law, jury waived, is purely appellate. It does not include the power to decide the facts.

No error was reserved or assigned requiring or ad-

[1] R. L. H. 1945, § 9647.
[2] R. L. H. 1945, § 10107.

mitting the summary entry of judgment in this court. The power reposed in this court by Revised Laws of Hawaii, 1945, section 9564, to enter judgment, as in its opinion the facts and law warrant, should not be invoked by this court of its own motion while the statutory duties of the trial court in respect thereto remain incomplete.

The petition for rehearing is denied without argument.